# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS BRITTENHAM, # 252929,

        Plaintiff,

v.                                                                                            Case Number: 10-CV-10479
                                                                                                Hon. Lawrence P. Zatkoff

JOHN DOE,
PRISONER STORE MANAGER,

        Defendant.
_____/

## OPINION AND ORDER STRIKING COMPLAINT
## AND DISMISSING CASE FOR FAILURE TO CORRECT DEFICIENCIES

       This is a civil-rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff Dennis Brittenham filed this complaint seeking damages for failure to receive "metered envelopes." At the time Plaintiff filed his complaint, he did not sign his complaint; in fact, he indicated a refusal to do so. Additionally, Plaintiff neither paid the required $350.00 filing fee for this action nor submitted a proper application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Consequently, on February 26, 2010, the Court entered a deficiency order that required Plaintiff to sign the complaint and submit the required fee or an application to proceed *in forma pauperis* within 30 days. The Court further stated that failure to do so would result in Plaintiff's complaint being dismissed. Plaintiff has failed to comply with the Court's order.

       The Federal Rules of Civil Procedure require that a complaint be signed. Rule 11 specifically states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Plaintiff failed to comply with the Court's order and therefore his complaint must be stricken. *Id.* (providing that the Court "must strike an unsigned

paper unless the omission is promptly corrected").

Moreover, Plaintiff must pay the required filing fee, or if he wishes to proceed without prepayment of the filing fee under the Prison Litigation Reform Act ("PLRA"), he must file a certified trust account statement and an affidavit of indigence with an authorization to withdraw funds from his prison account as they become available. *See* 28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Plaintiff has done neither in this case. Because he has not complied with the Court's order in this regard as well, his complaint will be dismissed.

In conclusion, the Court strikes Plaintiff's complaint for failure to submit a signed copy and therefore dismisses the case. *See* Fed. R. Civ. P. 11(a). Additionally, because Plaintiff has failed to pay the filing fee or file the required documents to proceed without prepayment of the fee, the Court must presume that he is not proceeding without prepayment of the fee, and it dismisses the case for want of prosecution. *McGore*, 114 F.3d at 605. Because Plaintiff's action is dismissed under such circumstances, it will not be reinstated even if he subsequently pays the filing fee.[1] *Id.*

---

[1] The Court also notes that Plaintiff is not new to the judicial process. In addition to this civil-rights complaint, beginning in October 2009, he has filed sixteen civil-rights complaints in this district: (1) *Brittenham v. Dinsa*, No. 09-14025 (Zatkoff, J.) (E.D. Mich. Feb.23, 2010) (dismissed for failure to state a claim); (2) *Brittenham v. State of Michigan*, No. 09-14056 (E.D. Mich. Feb. 26, 2010) (dismissed for failure to state a claim); (3) *Brittenham v. McCarthy*, No. 09-14166 (Edmunds, J.) (filed Oct. 22, 2009) (case transferred to Western District, Jan. 14, 2010); (4) *Brittenham v. Quartermaster Boss*, No. 09-14287 (E.D. Mich. Feb. 25, 2010) (dismissed for failure to state a claim); (5) *Brittenham v. MacIntosh*, No. 09-14285 (E.D. Mich. Jan. 13, 2010) (dismissed for failure to state a claim); (6) *Brittenham v. Bell*, No. 09-14426 (E. D. Mich. Feb. 23, 2010) (dismissed as frivolous); (7) *Brittenham v. White*, No. 09-14913 (Hood, J.) (filed Dec. 18, 2009) (case pending); (8) *Brittenham v. Dinsa*, No. 09-14914 (E.D. Mich. Mar. 29, 2010) (dismissed for failure to prosecute); (9) *Brittenham v. Dinsa et.al.*, No. 10-10257 (Duggan, J.) (filed Jan. 20, 2010) (case pending); (10) *Brittenham v. McRoberts*, No. 10-10477 (E.D. Mich. Mar. 22, 2010) (dismissed for failure to state a claim); (11) *Brittenham v. Mail Room Boss*, No. 10-10478 (Battani, J.) (filed Feb. 3, 2010) (case

The Court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915 (a)(3); *see also McGore*, 114 F.3d at 610-11.

                                                 s/Lawrence P. Zatkoff
                                                 LAWRENCE P. ZATKOFF
                                                 UNITED STATES DISTRICT JUDGE

Dated: May 13, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 13, 2010.

                                                 s/Marie E. Verlinde
                                                 Case Manager
                                                 (810) 984-3290

---

pending); (12) *Brittenham v. State of Michigan*, No. 10-10484 (Murphy, J.) (filed Feb. 3, 2010) (case pending); (13) *Brittenham v. Ticket Hearing Officer*, No. 10-10480 (Battani, J.) (filed Feb. 3, 2010) (case pending); (14) *Brittenham v. Kitchen Workers*, No. 10-10481 (E.D. Mich. Mar. 22, 2010) (dismissed for failure to correct deficiencies); (15) *Brittenham v. Dinsa*, No. 10-10482 (E.D. Mich. Mar. 30, 2010) (dismissed for failure to correct deficiencies); and (16) *Brittenham v. Dep't of Corrs.*, No. 10-10483 (E.D. Mich. Mar. 24, 2010) (dismissed for failure to correct deficiencies).